UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRELL ROBERTS,

    Plaintiff,

v.	Case No.: 2:26-cv-00082-SPC-DNF

OFFICER GONZALEZ,

    Defendant,
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Jerrell Roberts' Complaint (Doc. 1). Roberts is a prisoner of the Florida Department of Corrections (FDOC), and he sues a FDOC official under 42 U.S.C. § 1983. The Court granted Roberts leave to proceed *in forma pauperis*, so it must review the complaint to determine if it is frivolous or malicious, seeks monetary damages from an official immune from such relief, or fails to state a claim. 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Roberts asserts a procedural due process claim under the Fourteenth Amendment. It relates to electronic tablets provided to prisoners by a company called Securus. Roberts' tablet was reported stolen, and Securus approved his request for a new tablet in August 2025. After months passed with no new tablet, a Securus representative told Roberts the prison's property department should deliver it. Roberts filed multiple grievance against defendant Gonzalez, the officer in charge of distributing the tablets. On October 15, 2025, Securus told Roberts he would not receive a new tablet for six months and that he would

be charged restitution. Roberts later learned the restitution stemmed from a disciplinary report in which Gonzalez falsely accused Roberts of stealing another inmate's tablet.

This is where the alleged due process violations occurred. Roberts claims the FDOC did not follow its own rules before punishing him with restitution and a six-month delay in delivery of the new tablet. Specifically, Roberts claims that the disciplinary report was not signed and approved by a supervisor or investigated by an investigative officer as required by FDOC rules, and that officials did not give him proper notice or an opportunity to call witnesses and provide a statement in his defense. During the six-month delay, Roberts is deprived of access to games, music, and other content he purchased on his old tablet.

The Fourteenth Amendment generally requires the government to provide an individual with notice and an opportunity to be heard before seizing his property. *Reams v. Irvin*, 561 F.3d 1258, 1263 (11th Cir. 2009). But "a random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy." *Carcamo v. Miami-Dade Cnty.*, 375 F.3d 1104, 1105 (11th Cir. 2004). Florida law provides such a remedy. Fla. Stat. § 768.28(1) waives sovereign immunity in tort actions for negligent or wrongful acts of employees that cause injury or loss of property. *See Loor v. Bailey*, 708 F. App'x 992, 995 (11th Cir. 2017) ("The existence of §

768.28 provides Loor with a meaningful, post-deprivation remedy to challenge the loss of property.").

Roberts' due process claim fails because an adequate post-deprivation remedy is available to him. The Court will dismiss the complaint and give Roberts a chance to amend. If Roberts files an amended complaint, he "must state [his] claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And Roberts must use the Court's standard complaint form. *See* M.D. Fla. 6.04.

Accordingly, it is

**ORDERED:**

Plaintiff Jerrell Roberts' Complaint (Doc. 1) is **DISMISSED without prejudice.** The Clerk is **DIRECTED** to send Roberts a blank civil-rights complaint form. Roberts may use the form to file an amended complaint within **21 days** of this Order. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE AND ORDERED** in Fort Myers, Florida on January 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1